Lee A. Cirsch (SBN 227668)
Lee.Cirsch@capstonelawyers.com
Robert K. Friedl (SBN 134947)
Robert.Friedl@capstonelawyers.com
Trisha K. Monesi (SBN 303512)
Trisha.Monesi@capstonelawyers.com
Capstone Law APC
1875 Century Park East, Suite 1000
Los Angeles, California 90067
Telephone:   (310) 556-4811
Facsimile:   (310) 943-0396

Attorneys for Plaintiff
Arriane Henryhand

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARRIANE HENRYHAND, individually, and on behalf of a class of similarly situated individuals, <br><br> Plaintiff, <br><br> v. <br><br> DOREL JUVENILE GROUP, INC., a Massachusetts corporation, <br><br> Defendant. | Case No.: <br><br> **CLASS ACTION COMPLAINT FOR:** <br><br> (1)   Violations of Unfair Competition Law, California Business & Professions Code § 17200 *et seq.* <br> (2)   Violations of False Advertising Law, California Business & Professions Code § 17500 <br> (3)   Violations of California's Consumers Legal Remedies Act <br> (4)   Breach of Implied Warranty Pursuant to Song-Beverly Consumer Warranty Act <br> (5)   Breach of Implied Warranty Pursuant to the Magnuson-Moss Warranty Act <br> (6)   Unjust Enrichment <br><br> **DEMAND FOR JURY TRIAL** |

## INTRODUCTION

1.     Plaintiff Arriane Henryhand ("Plaintiff") brings this action for herself and on behalf of all persons in the United States who have purchased a Cosco Apt 40 or 50 Convertible Car Seat ("Cosco Apt Car Seats") marketed, distributed, and sold by Dorel Juvenile Group, Inc. ("Defendant" or "Dorel").

2.     Dorel develops and manufactures juvenile products including, without limitation, car seats, strollers, high chairs, cribs, and other child safety products.  Dorel sells its products under several Dorel-owned brands, including Cosco.  Dorel's Cosco brand primarily sells car seats as well as strollers, high chairs, and play yards.

3.     This case arises out of Dorel's deceptive business practices in the marketing, advertising, and selling of its Cosco Apt Car Seats.

4.     In 2012, Dorel released its Cosco Apt 40 Convertible Car Seat to the consumer market with the following representations on its product labeling, throughout its instruction manual, and in other mediums, that the car seat is intended for rear-facing use for children 5-40 pounds (19"-40") and forward-facing use for children 22-40 pounds (34"-43"):



//

CLASS ACTION COMPLAINT

5.     However, on information and belief, the Cosco Apt 40 Convertible Car Seat and its successor, the Cosco Apt 50 Convertible Car Seat, fail to accommodate children up to these advertised height and weight limits.

6.     In order to maximize vehicle safety, the National Highway Traffic Safety Administration ("NHTSA") has long-recommended that children sit rear-facing and secured by a car seat in the back seat of vehicles for as long as possible before being placed forward-facing in a car seat or booster seat until up to 12 years old.[1] Car seat manufacturers, like Dorel, provide car seats that generally fall within one of three categories: infant car seats, convertible car seats, and booster car seats.  The convertible car seat category grew out of consumer demand for car seats that could be utilized both rear and forward-facing so as to save costs and extend the useful life of the car seat, which can cost up to $300 or more.  As such, most convertible car seats purport to accommodate children from birth until they are booster seat-eligible.  NHTSA recommends keeping children in a forward-facing car seat until the child is *at least* 4 years old and "until he or she reaches the top height or weight limit allowed by [the] car seat's manufacturer" before moving to a booster seat.

7.     Dorel has advertised its Cosco Apt Car Seats as "convertible" car seats and has provided consumers, both online and in-store, with both rear-facing and forward-facing height and weight limitations on the Apt Car Seats' packaging and instructions manuals, indicating to consumers that the car seats will be suitable for children for a longer period of time than other, rear-facing infant seats.  As a result of its height and weight limit claims, consumers purchase the Cosco Apt Car Seats under the false expectation that the car seats will be suitable for children until they can be moved to a booster seat, which is

---

[1] *Car Seat Recommendations*, National Highway Traffic Safety Administration Parents Central, https://www.safercar.gov/parents/CarSeats/Right-Seat-Age-And-Size-Recommendations.htm?view=full (last visited December 29, 2016).

CLASS ACTION COMPLAINT

the primary purpose of utilizing convertible car seats.  Unfortunately, this is rarely, if ever, the case.  On information and belief, due to the short harness straps, improperly placed harness strap slots, and other deficiencies, the Cosco Apt Car Seats fail to accommodate children up to the stated height and weight limits, forcing consumers to purchase a *second* replacement forward-facing car seat long before the anticipated and advertised useful-life of the Apt Car Seat has ended.

8.     Beginning as early as 2012, through consumer complaints and reviews, among other internal sources, Defendant knew or should have known that the Cosco Apt 40 Car Seats failed to accommodate children according to its stated height and weight limits.  Nevertheless, Defendant has actively concealed and failed to disclose this information to Plaintiff and Class Members prior to the time of purchase.

9.     On information and belief, the Cosco Apt Car Seats have the same or substantially identical design and construction of their harness straps and harness strap slots, and suffer from the same deceptive advertising and representations.

10.     On information and belief, Defendant's corporate officers, directors, or managers knew about the false height and weight limit statements in regards to the Cosco Apt Car Seats and failed to disclose that information to Plaintiff and Class Members at the time of sale.

11.     Because Dorel will not notify Class Members that the Cosco Apt Car Seats do not accommodate children up to the stated height and weight limits, Plaintiff and Class Members continue to be deceived by Dorel's advertising and marketing claims.

12.     If Plaintiff and Class Members knew about Dorel's false claims regarding the height and weight limits of the Cosco Apt Car Seats, Plaintiff and

CLASS ACTION COMPLAINT

Class Members would not have purchased the Cosco Apt Car Seats or would have paid less for them.

13.     As a result of their reliance on Dorel's deceptive marketing and labeling practices, purchasers of the Cosco Apt Car Seats suffered an ascertainable loss of money, property, and/or value of their car seats, including, but not limited to, the out-of-pocket costs incurred to purchase a second replacement forward-facing car seat in addition to a booster seat.  Additionally, as a result of Dorel's deceptive marketing and labeling practices, Plaintiff and Class Members were harmed and suffered actual damages in that their Cosco Apt Car Seat is substantially certain to be outgrown before its expected useful life has run as represented by Defendant.

## THE PARTIES

### Plaintiff Arriane Henryhand

14.     Plaintiff Arriane Henryhand ("Plaintiff") is a California citizen who resides in Northridge, California.

15.     In or around 2013, Plaintiff purchased a new Cosco Apt 40 Convertible Car Seat (model number CC047) from Target, an authorized Dorel retailer in Los Angeles County.  It was installed in Plaintiff's vehicle per the instructions provided by Dorel.  It was manufactured on or around July 12, 2013.

16.     At the time of purchase and thereafter, Plaintiff relied on Dorel's statements regarding the height and weight specifications of the Cosco Apt Car Seat.  The duration of the useful life period of a car seat was an important factor in Plaintiff's decision to purchase the Cosco Apt Car Seat.  As such, in reliance on Dorel's advertising and labeling claims, Plaintiff expected to utilize the Cosco Apt Car Seat until her daughter reached 43 inches or 40 pounds, as advertised on the car seats' packaging and instructions manuals.  However, the Cosco Car Seat failed to accommodate Plaintiff's daughter well before she reached 43 inches or

CLASS ACTION COMPLAINT

40 pounds, forcing Plaintiff to prematurely purchase a replacement convertible car seat.

17.    For example, on or around July 1, 2016, Plaintiff drove from Northridge, California to Kingstree, South Carolina for vacation with her daughter.  Her daughter sat secured in the Cosco Apt Car Seat in the back seat of Plaintiff's vehicle while the vehicle was in operation.  Plaintiff secured her daughter in the Cosco Car Seat per the instructions provided by Dorel.  Plaintiff stopped every few hours to eat, sleep, or otherwise let her daughter out of her car seat to stretch.  Upon their arrival to South Carolina, her daughter began complaining of neck pains.  On or around July 24, 2016, a licensed physician determined that her daughter incurred a large neck abscess likely caused by the harness straps of the Cosco Apt Car Seat.  At the time, her daughter was approximately 34 lbs. and 36" tall.  Plaintiff was then forced to prematurely purchase a new car seat for approximately $80, well before her daughter reached the maximum weight and height limit on the Cosco Apt Car Seat.

18.    If Dorel had disclosed its knowledge of the true height and weight specifications of the Cosco Apt Car Seats, Plaintiff would have seen or heard such representations and been aware of them.  Indeed, Dorel's representations and omissions were material to Plaintiff.  Like all members of the Class, Plaintiff would not have purchased her Cosco Apt Car Seat, or would have paid less for it, had she known it would not accommodate children up to its specified height and weight limits.

19.    At all times, Plaintiff, like all Class Members, utilized her car seat in a foreseeable manner and in the manner in which it was intended to be used.

**Defendant**

20.    Defendant Dorel Juvenile Group, Inc. is a corporation organized and in existence under the laws of the State of Massachusetts and registered to do

business in the State of California.  Dorel Juvenile Group, Inc.'s Corporate Headquarters are located at 2525 State Street, Columbus, Indiana 47201.

21.    At all relevant times, Defendant was and is engaged in the business of designing, manufacturing, constructing, assembling, advertising, distributing, and selling children's products in Los Angeles County and throughout the United States of America.

## JURISDICTION

22.    This is a class action.

23.    This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1331 because this action arises under the Constitution or laws of the United States and the Class Action Fairness Act, 28 U.S.C. § 1332(d)(2) and (6), in that, as to each Class defined herein:

   (a)    the matter in controversy exceeds $5,000,000.00, exclusive of interest and costs;

   (b)    this is a class action involving 100 or more class members; and

   (c)    this is a class action in which at least one member of the Plaintiff class is a citizen of a State different from at least one Defendant.

24.    The Court has personal jurisdiction over Defendant, which has at least minimum contacts with the State of California because it has conducted business there and has availed itself of California's markets through the designing, manufacturing, constructing, assembling, advertising, distributing, and selling of children's products.

## VENUE

25.    Dorel, through its business of advertising, distributing, and selling the Cosco Apt Car Seats, has established sufficient contacts in this district such

CLASS ACTION COMPLAINT

that personal jurisdiction is appropriate.  Defendant is deemed to reside in this district pursuant to 28 U.S.C. § 1391(a).

26.     In addition, a substantial part of the events or omissions giving rise to these claims and a substantial part of the property that is the subject of this action are in this district.  In addition, Plaintiff's Declaration, as required under California Civil Code section 1780(d) (but not pursuant to *Erie* and federal procedural rules), reflects that a substantial part of the events or omissions giving rise to the claims alleged herein occurred, or a substantial part of property that is the subject of this action, is situated in Los Angeles County, California.  It is attached as **Exhibit 1.**

27.     Venue is proper in this Court pursuant to 28 U.S.C. § 1391(a).

## FACTUAL ALLEGATIONS

28.     Dorel develops and manufactures juvenile products including, without limitation, car seats, strollers, high chairs, cribs, and other child safety products.  Dorel sells its products under several Dorel-owned brands, including Cosco.  Dorel's Cosco brand primarily sells car seats as well as strollers, high chairs, and play yards.

29.     In 2012, Dorel released its Cosco Apt 40 Convertible Car Seat to the consumer market.  Dorel advertised, marketed, and sold the Cosco Apt 40 with the representations on its label, throughout its instruction manual, and in other mediums that the car seat is suitable for children within the following height and weight specifications and limitations:



30.    However, on information and belief, the Cosco Apt 40 Convertible Car Seat and its successor, the Cosco Apt 50 Convertible Car Seat, fail to accommodate children up to their advertised height and weight limits.

31.    In order to maximize vehicle safety, NHTSA has long-recommended that children sit rear-facing and secured by a car seat in the back seat of vehicles for as long as possible before being placed forward-facing in a car seat or booster seat until up to 12 years old.  Car seat manufacturers, like Dorel, provide car seats that generally fall within one of three categories: infant car seats, convertible car seats, and booster car seats.  The convertible car seat category grew out of consumer demand for car seats that could be utilized for both rear and forward-facing so as to save costs and extend the useful life of the car seat, which can cost up to $300 or more each.  As such, most convertible car seats purport to accommodate children from birth until they are booster seat-eligible.  NHTSA recommends keeping children in a forward-facing car seat until the child is at least 4 years old and "until he or she reaches the top height or weight limit allowed by [the] car seat's manufacturer" before moving to a booster seat.

32.    Dorel has advertised its Cosco Apt Car Seats as "convertible" car seats and has provided consumers, both online and in-store, with both rear-facing and forward-facing height and weight limitations on the Apt Car Seats' packaging and instructions manuals, indicating to consumers that the car seats will be appropriate for children beyond other, rear-facing infant seats.  As a result of its height and weight limit claims, consumers purchase the convertible Cosco Apt Car Seats under the false expectation that the car seats will be suitable for children until they can be moved to a booster seat.  Unfortunately, this is rarely, if ever, the case with the Cosco Apt Car Seats.  On information and belief,

due to the short harness straps and improperly placed harness strap slots, the Cosco Apt Car Seats fail to accommodate children up to the stated height and weight limits, forcing consumers to purchase a second forward-facing car seat long before the anticipated and advertised useful-life of the Apt Car Seat has ended.

33.    On information and belief, the Cosco Apt Car Seats have the same or substantially identical design and construction of their harness straps, harness strap slots, and other deficiencies and suffer from the same deceptive advertising.

34.    Beginning as early as 2012, through consumer complaints and reviews, among other internal sources, Defendant knew or should have known that the Cosco Apt 40 Car Seats failed to accommodate children according to its stated height and weight limits. Nevertheless, Defendant has actively concealed and failed to disclose this information to Plaintiff and Class Members prior to the time of purchase.

35.    Many purchasers of the Cosco Apt Car Seat have experienced the car seat failing to accommodate children well before the maximum height and weight limit of 43" or 40 lbs. Complaints and product reviews posted online and to the various retailers authorized to sell Cosco Apt Car Seats demonstrate that reasonable consumers are likely to be deceived by Dorel's advertising. The following are some of the reviews relating to the Cosco Apt Car Seats posted online by consumers (emphasis added):

**Carseatblog.com**

    a. 6/5/2012: I bought one for my brother's car for my niece who just turned 2. She's very short torsoed and thin-about 34″ tall and 22 lbs. She was rear facing in it. I liked that it was "foolproof" w/o extra foot props and such. Unfortunately, even though she has been great rear-facing, she really doesn't like getting in and out of the Apt. She seems to find the deep sides to be too confining and was really screaming about being in it. *She was turned forward facing in that car when she turned 2, and it won't last any kid long as a forward*

*facing seat.* She's still rearfacing in another seat in her main ride.

**Walmart.com**

    b. 3/4/2014: I love this for it is front and rear facing. I love it for my4 month old baby. I enjoy the built in cup holders to place the bottle in. *The only down fall I have is I got it for front facing for my 1yr old. The buckles are not long enough to go around my child or around the child in a coat.* I got it for my 1yr old to use because it has built in cup holders. But it looks like I might have to see about getting a different one for my 1yr old. But for the over all design is well done. I just wish it had longer buckles for it.

    c. 9/9/2014: We were so excited to purchase this seat for our 1 year old. It's super cute and very light to tote around, which makes it easy to switch from car to car. *However, when we sat our son in it, (Who is 29 inches tall) he was on the next to the last slot for the straps. Which means we would have gotten one year, maybe two years out of the car seat.* With our first child we were able to use his seat for 4 years before having to buy another one. We returned this product and got a Safety 1st seat that would accommodate his growth better. And the new seat was less than $10 more. Definitely worth it!

    d. 6/6/2015: Yes, it's cute but the material and the car seat itself is very cheaply made. *The latch system belt wasn't long enough for installation.* I used it for about a day & my baby would cry just being in it, very hard, no cushioning. I would not recommend it to anyone. I returned it the same day I bought it.

    e. 11/24/2015: *The seat belt straps were too little. Even with the straps in the longest position given it was very tight on my daughter's thighs.* I didn't like the way it strapped into the car either. The final straw was the Minnie Mouse head. It didn't firmly attach to the chair like I originally thought. This car seat was a big waste of money and was returned today.....

    f. 2/26/2016: *There needs to be extension on the straps they do not adjust far and are too tight on the babies*

    g. 8/20/2016: *Tight fit straps when loading the child.* What ever happened to the pull down over the head car seats? They were so much easier.

**Kohls.com**

    h. 5/16/2016: I love the look of this car seat, *however, I had to return it because it was too small for my 31 pounds 2 year old son. The middle strap was so tight on him I could barely snap him in, also I had the chest straps on the highest setting and it was still a struggle to get in.*

*I know the weight max is 40 but if your child is over 20-25 pounds I would not recommend.* Other than that, it is extremely cute and light weight. Thank you Kohls for your awesome and easy in store return.

**Target.com**

    i.  9/3/2015: *This is a horrible fitting car seat my baby girl just turned 3 and is below the 5th percentile for height and weight, this car seat is still to small for her! The straps are difficult and do not reach far enough!* The seat also gets completely filthy and stained! She doesn't eat or drink in seat and cover has been washed! These stains are I'm guessing when she moves her feet in the seat? Worst purchase and seat ever!!!!

    j.  5/25/2016: *My baby is 19lbs and very skinny, yet the buckles dig into her thighs. The buckle strap needs to be longer.* The cupholders are too small for the sippy cups she uses. I'll be returning this.

    k.  6/23/2016: *The buckle between the legs is to short with plastic sides that dig into babies thighs and no adjustment on hat strap.*

    l.  10/28/2016: It's cute. *But the straps are short even after being adjusted.*

    m. 11/29/2016: *The straps are so short that they do not extend any further to accommodate your child wearing a jacket.* My 3 year old fits just fine without her jacket, but now that the temps have dropped in the mornings, I cannot get the chest buckle buckled. The straps do not extend anymore and therefore my child cannot wear a jacket sitting in this car seat. Yes, I know what to press to further extend the straps, in this case they are too short to extend any further to accommodate my child's bulky sweaters or jackets.

**ToysRUs.com**

    n.  9/1/2015: This car seat is horrible! *My daughter is two and went straight from the infant carrier to this! She is only 25 inches And 14 pounds!!! So a tiny girl! This seat belt harness is weird or either not sewn correctly!* The fabric also gets filthy and stains terrible!

**Buy Buy Baby**

    o.  2/1/2016: A cut up pool noodle or tightly rolled sheets were necessary to sort of wedge in the empty space between the car and this seat while rear facing to keep everything firmly in place (our evenflo booster for my 5y/o has some awesome installation features that made it so much easier to install than this seat) and *my average sized 18 mo old is 9 inches from the height limit of the seat, but her head is almost at the edge of the seat while she is in it. I had hoped she would fit in the seat a lot longer than it seems like she will.* (We

also have a Graco 4ever seat that my 6 y/o is using that fit my other older child for much longer than this seat will fit my youngest.)

**Amazon.com**

p. 1/12/2015: Looks great but there isn't any cushion besides the cover and *my daughter is tall for 16 months and she's already on the highest slot for the shoulder straps. She won't be able to use it much longer.*

q. 2/1/2015: My son is 3. *He is smaller than the height and weight requirements and this car seat is way to small for him. The straps are so tight he cries the whole time we are in the car and the slots in the back don't even go up high enough to be over his shoulders.* I am very unsatisfied with this product! I would have gave it a negative score if I could!

r. 2/23/2015: *Straps are short*

s. 3/9/2015: *Strap are to short this is made for a short 25lb toddler my daugther is 30lbs and she to big, had to sell it after she would be tight & in pain from the straps not begin able to adjust properly*, great overall would deff buy for a infant not a toddler.

t. 4/13/2015: *Straps are too small for my two and a half year old.*

u. 7/5/2015: I don't normally do reviews but this seat it terrible! A complete waste of money *we got one of each for my almost one year old niece and my 2 1/2 year old nephew and my nephew who is no where near 40lbs or 43in is almost to big for this seat. There is no way a child could make it to 43 or even 40 in in this seat.* The top harness slot is already at his shoulders and he has maybe two inches before he reaches the top of the car seat shell which will mean he has to be forward facing once that happens only you can't use the seatforward facing if the harness slot is below the shoulders of the child so this seat is useless! If you are looking for a seat that basically gets you from newborn to 1yr this seat is great but it is terrible for an older child and *the measuments it claims are complete bs I wish someone would have written a review that really claims the use of this seat beacause when my 36in nephew can't fit in this seat and it claims to fit a 43in child (*which my 5 year old is only 42in and there is no way in hell he could fit in this seat) there is a problem we never would have purchased these seats thankfully they were only for grandmas car and they have their britax seat that actually will keep them safely harnessed until the are mature and old enough for boosters (5-6years as a 3-4yr old has no buisness in a booster) safe yourself some trouble and spend a little more now and safe your

money in the long run because you will just need to buy another seat in a few months

v. 7/14/2015: In general, I love the car seat, BUT *my grandson is only two and the straps are too short to fit the length of his body. Buckled in, his little shoulders had red marks from the straps. I had to buy a new car seat for him and return this one.*

w. 8/19/2015: *Product is not well designed for the height it specifies. My 40 inch 2yr old could not be secured safely due to strap height being insufficient*. Otherwise is a great product.

x. 8/25/2015: Looks just like the picture. Had a hard time adjusting the straps initially. *The straps don't go very far I fear my little one will out grow this sooner than I hoped*

y. 10/2/2015: Looks amazing but the middle piece is short *so the straps are tight* around my daughters legs

z. 11/1/2015: *Not enough strap.*

aa. 11/13/2015: *I got this carseat for my 3 year old. The straps are too short*. I was very disappointed.

bb. 11/28/2015: Horrible car seat do not buy it. *The straps are too short for my daughter and she is way below the height limit. We have the straps on the 2nd highest setting and they are not long enough to even reach the top shoulder holes. Extremely hard to tighten the straps as well*. Just bought this car seat and will be looking for another one already. Biggest disappointment from this company. Would never recommend this product again and would never buy another product of theirs

cc. 12/27/2015: I ordered this car seat for my daughter when she was about two years old. We wanted a second one and the price was right. We used it and were happy with it up until around October when *we realized we would have to replace it again already because it can't accommodate our child's size. This is sold for kids up to forty pounds- at the time we realized it was fitting snug and we were near the end of the wire of slack for adjusting, my daughter was only 30 pounds. Another month passed, my daughter was up to 31.4 pounds and we couldn't buckle her into this to save her life.* My daughter is not fat for her height or anything, she is precisely midline for toddler height to weight.. So unfortunately, this chair was a let down and a waste of money because I have just had to replace it with another and more expensive car seat that will actually fit my child when she is within its weight range. Very disappointing.

dd. 1/23/2016: Our 2 year old grand daughter cannot fit in this seat with her snowsuit on. *The straps are way too short. By spring I doubt she will fit in this seat at all.* Very disappointed. Don't waste your money.

ee. 2/5/2016: I was very eager to like this car seat. My daughter is on the larger side, 33 pounds, and 16 months. The pediatrician recommended keeping her backwards facing as long as possible, until age 2. The car seat is a good size, but *I could barely get her in with the straps. They were at the longest usable length and I struggle to get her buckled in.* Also, the center buckle between her legs is right at the base of the seat, so she is almost sitting on it, and it makes it harder to get her buckled. The last car seat we had (which she did fit in, and we had to get rid of because it was involved in an accident) came up from the base a couple inches and it was much better. The buckle is rather big too, so her legs are forced to go outward a little too far for comfort. Long story short, *I wouldn't recommend this for a bigger child, or any child above 30 pounds.*

ff. 3/28/2016: I give the carseat 2 rating. The red button to release the straps is very hard to push. *I have adjusted the straps several times, but it is not long enough to strap my grandchild in carseat with her coat on.* I have to take her coat off to strap her in. I give it a 2 only because of the size of the carseat. It is very roomy.

gg. 4/5/2016: *The straps are not long enough!!! For 70$ I expected to use it longer than 5 months!* This seat was not made for cold weather areas since it doesn't fit with a winter coat on....

hh. 4/12/2016: good seat, but seems like it will be outgrown quickly. *daughter is 25lbs, no way shell be in it until 40lbs.....the straps never seem to be just right*, have to order a different seat, I guess you get what you pay for.. HIGHLY DISSAPOINTED.

ii. 6/1/2016: This has two level lines: one for more upright seating and one for more of a recline (like for younger babies). When I installed it, I chose to have it leaned back and took care to make sure it was level, but couldn't tighten it very well. When I pull baby out of the seat, it goes upright again because it just doesn't stay put. Also, the shoulder straps don't go up very high. *My 9 month old is already on the largest strap setting and they are very difficult to tighten and loosen*. I don't like this seat. Will probably stick with it a couple more months and find something else.

jj. 7/24/2016: *Really cute but I feel like it is not very safe, and not very comfortable either. The shoulder straps most of the time don't fit well, even if o adjust to the correct position and tighten it* -look through all the pics people posted of their babies in the car seat and you will see

what I am talking about. Also the buckle in between the legs is placed to far back so my daughter always sits in it and I have to like her up to find it which is super inconvenient. I don't ever write reviews but I don't know how this car seat passed safety tests. I am definitely buying a different one.

kk. 9/13/2016: This car seat is by far the worst. It pinch's her chunky legs. Hurts her shoulders uncomfortable sleeping I really can go on and on why I don't like this seat. The Minnie mouse head cushion is a joke

ll. 9/14/2016: *Does not work to 43" in height as advertised. My son is 38" and he barely fits. The highest shoulder strap setting is right at the top of his shoulders now*. By the time he grows 5 more inches his shoulder would be way above the highest shoulder strap. Per the instructions that come with the seat, when forward facing the straps should be placed so they are at or slightly above the shoulders. The car seat otherwise seems great and is adorable. I'm just disappointed it does not work for anywhere near the maximum height advertised.

mm. 11/21/2016: I wanted to keep my 2 year old rear facing for longer, but there's not enough leg room. *I have to use it forward facing even though he meets the height/weight specs for rear facing.* Also, the Mickey headrest doesn't stay and *there isn't much room left to adjust the straps so my son will be growing out of this pretty soon.*

nn. 11/28/2016: *Very small for what it says it can go up to in weight (40 lbs. My daughter is less than 33 and it is a squeeze with her coat on.* Cute but the mini mouse "cushion" doesn't look the same with the shoulder straps to the top. Good for infant to 2 yrs average size.

36.    Dorel had superior and exclusive knowledge that its Cosco Apt Car Seats failed to accommodate children in accordance with its stated height and weight specifications and limitations, and knew or should have known that this information was not known or reasonably discoverable by Plaintiff and Class Members before they purchased their Cosco Apt Car Seats.

37.    Plaintiff is informed and believes and based thereon alleges that before Plaintiff purchased her Cosco Apt Car Seat, and since at least 2012, Dorel knew that its Cosco Apt Car Seats failed to accommodate children in accordance with its stated height and weight specifications and limitations through sources not available to consumers, including pre-release testing data, early consumer

1    complaints, and other internal sources.

2        38.    Reasonable consumers, like Plaintiff, reasonably expect

3    manufacturers, like Dorel, to provide accurate and truthful information regarding

4    the height and weight specifications and limitations of car seats.  Further,

5    reasonable consumers, like Plaintiff, rely on the stated height and weight

6    specifications and limitations of car seats in determining whether to purchase the

7    particular car seat and consider that information important to their purchase

8    decision.  Particularly, this information is important when purchasing a

9    "convertible" car seat that is intended to be used longer than other, rear-facing

10   only infant car seats.  In fact, if Plaintiff and Class Members knew about Dorel's

11   false claims regarding the height and weight specifications of the Cosco Apt Car

12   Seats, Plaintiff and Class Members would not have purchased the Cosco Apt Car

13   Seats or would have paid less for them.

14       39.    Because Dorel will not notify Class Members that the Cosco Apt

15   Car Seats do not accommodate children up to the stated height and weight limits,

16   Plaintiff and Class Members continue to be deceived by Dorel's advertising and

17   marketing claims.

18       40.    As a result of their reliance on Dorel's deceptive marketing and

19   labeling practices, purchasers of the Cosco Apt Car Seats suffered an

20   ascertainable loss of money, property, and/or value of their car seats, including,

21   but not limited to, the out-of-pocket costs incurred in purchasing a second

22   forward-facing car seat in addition to a booster seat.  Additionally, as a result of

23   Dorel's deceptive marketing and labeling practices, Plaintiff and Class Members

24   were harmed and suffered actual damages in that their Cosco Apt Car Seat is

25   substantially certain to fail before its expected useful life has run.

26                **TOLLING OF THE STATUTE OF LIMITATIONS**

27       41.    Because maximum height and weight limitations of the Cosco Apt

28

1  Car Seats cannot be detected or realized until a child reaches the maximum

2  limits, Plaintiff and Class Members were not reasonably able to discover the

3  problem until after purchasing the Cosco Apt Car Seats, despite their exercise of

4  due diligence.

5      42.    Plaintiff and Class Members had no realistic ability to discover the

6  actual maximum height and weight limitations of the Cosco Apt Car Seats until

7  after taking possession of the car seat, and would have no reason to believe that

8  problems they encountered were caused by a widespread, systemic issue.

9  Therefore, the discovery rule is applicable to the claims asserted by Plaintiff and

10  Class Members.

11     43.    Plaintiff is informed and believes and based thereon alleges that

12  Dorel has known of the actual maximum height and weight limitations of the

13  Cosco Apt Car Seats since 2012, if not earlier, and has concealed from or failed

14  to alert owners of the Cosco Apt Car Seats of the actual size limitations.

15     44.    Any applicable statute of limitation has therefore been tolled by

16  Dorel's knowledge and active concealment of the facts alleged herein.  Dorel is

17  further estopped from relying on any statute of limitation because of its

18  concealment of the actual maximum height and weight limitations of the Cosco

19  Apt Car Seats.

20                    **CLASS ACTION ALLEGATIONS**

21     45.    Plaintiff brings this lawsuit as a class action on behalf of herself and

22  all others similarly situated as members of the proposed Class pursuant to

23  pursuant to Federal Rules of Civil Procedure 23(a), 23(b)(2), 23(b)(3), and

24  23(c)(4). This action satisfies the numerosity, commonality, typicality, adequacy,

25  predominance, and superiority requirements of those provisions.

26     46.    The Class and Sub-Class are defined as:

27         **Nationwide Class**:  All individuals in the United States
           who purchased a Cosco Apt 40 or 50 Convertible Car
28         Seat since four years prior to the filing of this complaint

(the "Nationwide Class" or "Class").

**California Sub-Class**:  All members of the Nationwide Class who reside in the State of California.

**CLRA Sub-Class**:  All members of the California Sub-Class who are "consumers" within the meaning of California Civil Code § 1761(d).

**Implied Warranty Sub-Class**:  All members of the Nationwide Class who purchased their Cosco Apt Car Seat in the State of California.

47.     Excluded from the Class and Sub-Classes are: (1) Defendant, any entity or division in which Defendant has a controlling interest, and their legal representatives, officers, directors, assigns, and successors; (2) the Judge to whom this case is assigned and the Judge's staff; (3) any Judge sitting in the presiding state and/or federal court system who may hear an appeal of any judgment entered; and (4) those persons who have suffered personal injuries as a result of the facts alleged herein.  Plaintiff reserves the right to amend the Class and Sub-Class definitions if discovery and further investigation reveal that the Class and Sub-Class should be expanded or otherwise modified.

48.     Numerosity:  Although the exact number of Class Members is uncertain and can only be ascertained through appropriate discovery, the number is great enough such that joinder is impracticable.  The disposition of the claims of these Class Members in a single action will provide substantial benefits to all parties and to the Court.  The Class Members are readily identifiable from information and records in Defendant's possession, custody, or control.

49.     Typicality:  Plaintiff's claims are typical of the claims of the Class in that Plaintiff, like all Class Members, was deceived by Dorel's statements regarding the height and weight specifications of the Cosco Apt Car Seats.  The representative Plaintiff, like all Class Members, has been damaged by Defendant's misconduct in that they have incurred or will incur the costs of

purchasing a replacement car seat due to Dorel's misrepresentations and omissions.  Furthermore, the factual bases of Dorel's misconduct are common to all Class Members and represent a common thread resulting in injury to all Class Members.

50.   <u>Commonality</u>:  There are numerous questions of law and fact common to Plaintiff and the Class that predominate over any question affecting only individual Class Members.  These common legal and factual issues include the following:

(a)   Whether Dorel's representations regarding the height and weight specifications of its Cosco Apt Car Seats is an unlawful, unfair or fraudulent business act or practice in violation of *California Business & Professions Code* §§ 17200 et seq.

(b)   Whether Dorel's representations regarding the height and weight specifications of its Cosco Apt Car Seats is untrue or misleading in violation of and *California Business & Professions Code* §§17500;

(c)   Whether Dorel knew or should have known that its representations regarding the height and weight specifications of the Cosco Apt Car Seats is untrue or misleading in violation of and *California Business & Professions Code* §§17500;

(d)   Whether Dorel's representations regarding the height and weight specifications of its Cosco Apt Car Seats constitutes a material fact;

(e)   Whether Defendant has a duty to disclose the accurate and truthful height and weight specification of the Cosco Apt Car

Seats prior to sale;

(f) Whether Dorel's representations regarding the height and weight specifications of its Cosco Apt Car Seats violates the CLRA;

(g) Whether Defendant knew or reasonably should have known of its misrepresentations relating to the Cosco Apt Car Seats before it sold the car seats to Class Members;

(h) Whether Defendant breached the implied warranty of merchantability pursuant to the Song-Beverly Act;

(i) Whether Defendant breached the implied warranty of merchantability pursuant to the Magnuson-Moss Act; and

(j) Whether Plaintiff and other Class Members are entitled to equitable relief, including but not limited to a preliminary and/or permanent injunction.

51.     <u>Adequate Representation</u>:  Plaintiff will fairly and adequately protect the interests of the Class Members.  Plaintiff has retained attorneys experienced in the prosecution of class actions, including consumer and product defect class actions, and Plaintiff intends to prosecute this action vigorously.

52.     <u>Predominance and Superiority</u>:  Plaintiff and Class Members have all suffered and will continue to suffer harm and damages as a result of Defendant's unlawful and wrongful conduct.  A class action is superior to other available methods for the fair and efficient adjudication of the controversy. Absent a class action, most Class Members would likely find the cost of litigating their claims prohibitively high and would therefore have no effective remedy at law.  Because of the relatively small size of the individual Class Members' claims, it is likely that only a few Class Members could afford to seek legal redress for Defendant's misconduct.  Absent a class action, Class Members

1    will continue to incur damages, and Defendant's misconduct will continue

2    without remedy.  Class treatment of common questions of law and fact would

3    also be a superior method to multiple individual actions or piecemeal litigation in

4    that class treatment will conserve the resources of the courts and the litigants,

5    and will promote consistency and efficiency of adjudication.

## FIRST CAUSE OF ACTION

6

7    **(Violation of California Business & Professions Code § 17200 *et seq.*)**

8        53.    Plaintiff incorporates by reference the allegations contained in each

9    and every paragraph of this Complaint.

10       54.    Plaintiff brings this cause of action on behalf of herself and on

11   behalf of the Nationwide Class.

12       55.    As a result of their reliance on Defendant's misrepresentations and

13   omissions, Class Members suffered an ascertainable loss of money, property,

14   and/or value of their Cosco Apt Car Seats.  Additionally, Plaintiff and Class

15   Members were harmed and suffered actual damages in that their Cosco Apt Car

16   Seats are substantially certain to fail before their expected useful life has run.

17       56.    California Business & Professions Code § 17200 prohibits acts of

18   "unfair competition," including any "unlawful, unfair or fraudulent business act

19   or practice" and "unfair, deceptive, untrue or misleading advertising."

20       57.    Plaintiff and Class Members are reasonable consumers who expect

21   manufacturers, like Dorel, to provide accurate and truthful information regarding

22   the height and weight specifications and limitations of car seats.  Further,

23   reasonable consumers, like Plaintiff, rely on the stated height and weight

24   specifications and limitations of car seats in determining whether to purchase the

25   particular car seat and consider that information important to their purchase

26   decision.  Particularly, this information is important when purchasing a

27   "convertible" car seat that is intended to be used longer than other, rear-facing

28

CLASS ACTION COMPLAINT

only infant car seats.

58.     In failing to disclose and actively misrepresenting the actual height and weight specifications and limitations of the Cosco Apt Car Seats, Defendant has knowingly and intentionally concealed material facts and breached its duty not to do so.

59.     Defendant was under a duty to Plaintiff and Class Members to disclose the accurate and actual height and weight specifications, and other omitted facts alleged herein, because:

(a)     Defendant was in a superior position to know the specifics of the Cosco Apt Car Seats' dimensions and limitations;

(b)     Defendant made partial representations about the Cosco Apt Car Seats' height and weight limitations without revealing the material information needed to determine whether to purchase; and

(c)     Defendant actively concealed the actual height and weight specifications and limitations from Plaintiff and the Class.

60.     The facts Defendant concealed from or did not disclose to Plaintiff and Class Members are material in that a reasonable person would have considered them to be important in deciding whether to purchase a Cosco Apt Car Seat or an alternative car seat.  If Plaintiff and Class Members knew about Dorel's false claims regarding the height and weight specifications of the Cosco Apt Car Seats, Plaintiff and Class Members would not have purchased the Cosco Apt Car Seats or would have paid less for them.

61.     Defendant's conduct was and is likely to deceive consumers.

62.     Defendant's acts, conduct and practices were unlawful, in that they constituted:

(a)     Violations of California's Consumers Legal Remedies Act;

(b)      Violations of the Song-Beverly Consumer Warranty Act;

(c)      Violations of the Magnuson-Moss Warranty Act.

63.      By its conduct, Defendant has engaged in unfair competition and unlawful, unfair, and fraudulent business practices.

64.      Defendant's unfair or deceptive acts or practices occurred repeatedly in Defendant's trade or business, and were capable of deceiving a substantial portion of the purchasing public.

65.      As a direct and proximate result of Defendant's unfair and deceptive practices, Plaintiff and the Class have suffered and will continue to suffer actual damages.

66.      Defendant has been unjustly enriched and should be required to make restitution to Plaintiff and the Class pursuant to §§ 17203 and 17204 of the Business & Professions Code.

## SECOND CAUSE OF ACTION

**(Violation of California Business & Professions Code § 17500 *et seq.*)**

67.      Plaintiff incorporates by reference the allegations contained in each and every paragraph of this Complaint.

68.      Plaintiff brings this cause of action on behalf of herself and on behalf of the Nationwide Class.

69.      California Business & Professions Code § 17500 prohibits unfair, deceptive, untrue, and misleading advertising in connection with the disposal of personal property (among other things), including, without limitation, false statements as to the use, worth, benefits, or characteristics of the property.

70.      Defendant has committed acts of untrue and misleading advertising by engaging in false representations as to the height and weight specifications and limitations of the Cosco Apt Car Seat.  In addition, Defendant made such untrue or misleading advertisements with the intent to dispose of said

1    merchandise.

2        71.    The falsely advertised height and weight specifications of the Cosco

3    Apt Car Seats was, and continues to be, likely to deceive members of the public.

4        72.    As a result of their reliance on Defendant's misrepresentations and

5    omissions, Class Members suffered an ascertainable loss of money, property,

6    and/or value of their Cosco Apt Car Seats.  Additionally, Plaintiff and Class

7    Members were harmed and suffered actual damages in that their Cosco Apt Car

8    Seats are substantially certain to fail before their expected useful life has run.

9        73.    As a direct and proximate result of Defendant's unfair and deceptive

10   practices, Plaintiff and the Class have suffered and will continue to suffer actual

11   damages.

12                       **THIRD CAUSE OF ACTION**

13       **(Violation of California's Consumers Legal Remedies Act,**

14           **California Civil Code § 1750 *et seq*.)**

15       74.    Plaintiff incorporates by reference the allegations contained in each

16   and every paragraph of this Complaint.

17       75.    Plaintiff brings this cause of action on behalf of herself and on

18   behalf of the members of the CLRA Sub-Class.

19       76.    Defendant is a "person" as defined by California Civil Code §

20   1761(c).

21       77.    Plaintiff and CLRA Sub-class Members are "consumers" within the

22   meaning of California Civil Code § 1761(d) because they purchased their Cosco

23   Apt Car Seats primarily for personal, family, or household use.

24       78.    By failing to disclose and misrepresenting the actual height and

25   weight specifications of the Cosco Apt Car Seats from Plaintiff and prospective

26   Class Members, Defendant violated California Civil Code § 1770(a), as it

27   represented that the Cosco Apt Car Seats had characteristics and benefits that

28

1    they do not have, and represented that the Cosco Apt Car Seats were of a

2    particular standard, quality, or grade when they were of another.  *See* Cal. Civ.

3    Code §§ 1770(a)(5) & (7).

4        79.    Defendant violated California Civil Code § 1770(a)(5), (7), and (9),

5    by engaging in one the business acts or practices alleged above in connection

6    with the sale of its Cosco Apt Car Seats to Plaintiff and the CLRA Class

7    Members.

8        80.    Defendant's unfair or deceptive acts or practices occurred

9    repeatedly in Defendant's trade or business, and were capable of deceiving a

10   substantial portion of the purchasing public.

11       81.    Defendant knew that the Cosco Apt Car seats failed to accommodate

12   children according to its disclosed and advertised height and weight

13   requirements, and were not suitable for their intended use.

14       82.    As a result of their reliance on Defendant's misrepresentations and

15   omissions, Class Members suffered an ascertainable loss of money, property,

16   and/or value of their Cosco Apt Car Seats.  Additionally, Plaintiff and Class

17   Members were harmed and suffered actual damages in that their Cosco Apt Car

18   Seats are substantially certain to fail before their expected useful life has run.

19       83.    Defendant was under a duty to Plaintiff and Class Members to

20   disclose the accurate and actual height and weight specifications, and other

21   omitted facts alleged herein, because:

22            (a)    Defendant was in a superior position to know the specifics of

23                   the Cosco Apt Car Seats' dimensions and limitations;

24            (b)    Plaintiff and Class Members could not reasonably have been

25                   expected to learn or discover the specifics of the Cosco Apt

26                   Car Seats' dimensions and limitations until their child reached

27                   such limits; and

28

(c)  Defendant knew that Plaintiff and Class Members could not reasonably have been expected to learn of or discover the misrepresentations.

84.  In failing to disclose the actual height and weight specification and limitations prior to sale, Defendant has knowingly and intentionally concealed material facts and breached its duty not to do so.

85.  The facts Defendant concealed from, misrepresented, or did not disclose to Plaintiff and Class Members are material in that a reasonable person would have considered them to be important in deciding whether to purchase a Cosco Apt Car Seat or an alternative car seat.  If Plaintiff and Class Members knew about Dorel's false claims regarding the height and weight specifications of the Cosco Apt Car Seats, Plaintiff and Class Members would not have purchased the Cosco Apt Car Seats or would have paid less for them.

86.  Plaintiff and Class Members are reasonable consumers who expect manufacturers, like Dorel, to provide accurate and truthful information regarding the height and weight specifications and limitations of car seats.  Further, reasonable consumers, like Plaintiff, rely on the stated height and weight specifications and limitations of car seats in determining whether to purchase the particular car seat and consider that information important to their purchase decision.  Particularly, this information is important when purchasing a "convertible" car seat that is intended to be used longer than other, rear-facing only infant car seats.

87.  As a result of Defendant's conduct, Plaintiff and Class Members were harmed and suffered actual damages in that their Cosco Apt Car Seats are substantially certain to fail before their expected useful life has run and they will incur additional costs to purchase a replacement car seat.

88.  As a direct and proximate result of Defendant's unfair methods of

1  competition and/or unfair and deceptive practices, Plaintiff and the Class have

2  suffered and will continue to suffer actual damages.

3       89.    Plaintiff and the Class are entitled to equitable relief.

4       90.    Plaintiff provided Defendant with notice of its violations of the

5  CLRA pursuant to California Civil Code § 1782(a).  Defendant failed to provide

6  appropriate relief for its violations of the CLRA within 30 days.  Therefore,

7  Plaintiff seeks monetary, compensatory, and punitive damages, in addition to

8  injunctive and equitable relief.

9  **FOURTH CAUSE OF ACTION**

10  **(Breach of Implied Warranty Pursuant to Song-Beverly**

11  **Consumer Warranty Act, California Civil Code §§ 1792 and 1791.1, *et seq*.))**

12       91.    Plaintiff incorporates by reference the allegations contained in the

13  preceding paragraphs of this Complaint.

14       92.    Plaintiff brings this cause of action against Defendant on behalf of

15  herself and on behalf of the members of the Implied Warranty Sub-Class.

16       93.    Defendant was at all relevant times the manufacturer, distributor,

17  warrantor, and/or seller of the Cosco Apt Car Seats.  Defendant knew or had

18  reason to know of the specific use for which the Cosco Apt Car Seats were

19  purchased.

20       94.    Defendant provided Plaintiff and Class Members with an implied

21  warranty that the Cosco Apt Car Seats are merchantable and fit for the ordinary

22  purposes for which they were sold.  However, the Cosco Apt Car Seats are not fit

23  for their ordinary purpose of providing reasonably reliable and safe protection

24  for children up to 43 inches and 40 pounds.

25       95.    Defendant impliedly warranted that the Cosco Apt Car Seats were of

26  merchantable quality and fit for such use.  This implied warranty included,

27  among other things:  (i) a warranty that the Cosco Apt Car Seats were

28

manufactured, supplied, distributed, and/or sold by Dorel were safe and reliable until children reached 43 inches or 40 pounds; and (ii) a warranty that the Cosco Apt Car Seats would be fit for their intended use until children reached 43 inches or 40 pounds.

96.    Contrary to the applicable implied warranties, the Cosco Apt Car Seats at the time of sale and thereafter were not fit for their ordinary and intended purpose of providing Plaintiff and Class Members with a reliable and safe car seat until the maximum height and weight limitations were reached. Instead, the Cosco Apt Car Seats fail to accommodate children well before they reach the stated maximum height and weight limitations as disclosed by Dorel.

97.    The height and weight limitation is inherent in each Cosco Apt Car Seat and was present in each Cosco Apt Car Seat at the time of sale.

98.    As a result of Defendant's breach of the applicable implied warranties, owners  of the Cosco Apt Car Seats suffered an ascertainable loss of money, property, and/or value of their car seats, including, but not limited to, the out-of-pocket costs incurred in purchasing a second forward-facing replacement car seat in addition to a booster seat.

99.    Additionally, as a result of Dorel's deceptive marketing and labeling practices, Plaintiff and Class Members were harmed and suffered actual damages in that their Cosco Apt Car Seat is substantially certain to fail before its expected useful life has run.

100.    Defendant's actions, as complained of herein, breached the implied warranty that the Cosco Apt Car Seats were of merchantable quality and fit for such use in violation of California Civil Code §§ 1792 and 1791.1.

### FIFTH CAUSE OF ACTION

### (Breach of Implied Warranty under the Magnuson-Moss Warranty Act, 15 U.S.C. § 2303 et seq.)

101.   Plaintiff incorporates by reference the allegations contained in the preceding paragraphs of this Complaint.

102.   Plaintiff brings this cause of action on behalf of herself and on behalf of the Nationwide Class, or, in the alternative, on behalf of the California Sub-Class, against Defendant.

103.   The Cosco Apt Car Seats are a "consumer product" within the meaning of the Magnuson-Moss Warranty Act, 15 U.S.C. § 2301(1).

104.   Plaintiff and Class Members are "consumers" within the meaning of the Magnuson-Moss Warranty Act, 15 U.S.C. § 2301(3).

105.   Defendant is a "supplier" and "warrantor" within the meaning of the Magnuson-Moss Warranty Act, 15 U.S.C. § 2301(4)-(5).

106.   Dorel impliedly warranted that the Cosco Apt Car Seats were of merchantable quality and fit for such use.  This implied warranty included, among other things:  (i) a warranty that the Cosco Apt Car Seats were manufactured, supplied, distributed, and/or sold by Dorel were safe and reliable until children reached 43 inches or 40 pounds; and (ii) a warranty that the Cosco Apt Car Seats would be fit for their intended use until children reached 43 inches or 40 pounds.

107.   Contrary to the applicable implied warranties, the Cosco Apt Car Seats at the time of sale and thereafter were not fit for their ordinary and intended purpose of providing Plaintiff and Class Members with a reliable and safe car seat until the maximum height and weight limitations were reached.  Instead, the Cosco Apt Car Seats fail to accommodate children well before they reach the stated maximum height and weight limitations as disclosed by Dorel.

108.   Defendant's breach of implied warranties has deprived Plaintiff and Class Members of the benefit of their bargain.

109.   The amount in controversy of Plaintiff's individual claims meets or

CLASS ACTION COMPLAINT

1  exceeds the sum or value of $25,000.  In addition, the amount in controversy

2  meets or exceeds the sum or value of $50,000 (exclusive of interests and costs)

3  computed on the basis of all claims to be determined in this suit.

4    110.   Defendant has been afforded a reasonable opportunity to cure its

5  breach, including customer complaints posted online and submitted to Defendant

6  by Plaintiff and Class Members since 2012.

7    111.   As a direct and proximate cause of Defendant's breach of implied

8  warranties, Plaintiff and Class Members sustained damages and other losses in

9  an amount to be determined at trial.  Defendant's conduct damaged Plaintiff and

10  Class Members, who are entitled to recover actual damages, consequential

11  damages, specific performance, diminution in value, costs, attorneys' fees,

12  and/or other relief as appropriate.

13    112.   As a result of Defendant's violations of the Magnuson-Moss

14  Warranty Act as alleged herein, Plaintiff and Class Members have incurred

15  damages.

16  **SIXTH CAUSE OF ACTION**

17  **(For Unjust Enrichment)**

18    113.   Plaintiff incorporates by reference the allegations contained in each

19  and every paragraph of this Complaint.

20    114.   Plaintiff brings this cause of action on behalf of herself and on

21  behalf of the Nationwide Class, or, in the alternative, on behalf of the California

22  Sub-Class, against Defendant.

23    115.   As a direct and proximate result of Defendant's omissions and

24  misrepresentations regarding the actual and accurate height and weight

25  specifications of the Cosco Apt Car Seats to consumers, Plaintiff and Class

26  Members purchased car seats that require replacement before their expected life

27  has run and therefore have conferred an unjust substantial benefit upon

28

1  Defendant.

2  116.   Additionally, as a direct and proximate result of Defendant's

3  conduct described throughout this complaint, Defendant has profited through the

4  sale of the Cosco Apt Car Seats.  Although these car seats are purchased through

5  Defendant's agents, the money from the car seat sales flows directly back to

6  Defendant.

7  117.   Defendant has therefore been unjustly enriched due to the known

8  omissions and misrepresentations in the Cosco Apt Car Seats through the use of

9  funds that earned interest or otherwise added to Defendant's profits when said

10  money should have remained with Plaintiff and Class Members.

11  118.   As a result of the Defendant's unjust enrichment, Plaintiff and Class

12  Members have suffered damages.

13  **RELIEF REQUESTED**

14  119.   Plaintiff, on behalf of herself, and all others similarly situated,

15  requests the Court to enter judgment against Defendant, as follows:

16      (a)   An order certifying the proposed Class and Sub-Classes,

17          designating Plaintiff as named representative of the Class, and

18          designating the undersigned as Class Counsel;

19      (b)   An order enjoining Defendant from further deceptive

20          advertising, sales, and other business practices with respect to

21          its representations regarding the Cosco Apt Car Seats;

22      (c)   A declaration requiring Defendant to comply with the various

23          provisions of the Song-Beverly Act alleged herein and to

24          make all the required representations;

25      (d)   An award to Plaintiff and the Class for compensatory,

26          exemplary, and statutory damages, including interest, in an

27          amount to be proven at trial;

28

(e)  Any and all remedies provided pursuant to the Song-Beverly Act, including California Civil Code section 1794;

(f)  Any and all remedies provided pursuant to the Magnuson-Moss Warranty Act;

(g)  A declaration that Defendant must disgorge, for the benefit of the Class, all or part of the ill-gotten profits it received from the sale of its Cosco Apt Car Seats, or make full restitution to Plaintiff and Class Members;

(h)  An award of attorneys' fees and costs, as allowed by law;

(i)  An award of attorneys' fees and costs pursuant to California Code of Civil Procedure § 1021.5;

(j)  An award of pre-judgment and post-judgment interest, as provided by law;

(k)  Leave to amend the Complaint to conform to the evidence produced at trial; and

(l)  Such other relief as may be appropriate under the circumstances.

## DEMAND FOR JURY TRIAL

120.  Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiff demands a trial by jury of any and all issues in this action so triable.

Dated:  January 9, 2017                    Respectfully submitted,

Capstone Law APC


By: /s/ Lee A. Cirsch
Lee A. Cirsch
Robert K. Friedl
Trisha K. Monesi

Attorneys for Plaintiff Arriane Henryhand

# EXHIBIT 1

1   Lee A. Cirsch (SBN 227668)
    Lee.Cirsch@capstonelawyers.com
2   Robert K. Friedl (SBN 134947)
    Robert.Friedl@capstonelawyers.com
3   Trisha K. Monesi (SBN 303512)
    Trisha.Monesi@capstonelawyers.com
4   Capstone Law APC
    1875 Century Park East, Suite 1000
5   Los Angeles, California 90067
    Telephone:  (310) 556-4811
6   Facsimile:  (310) 943-0396
7   Attorneys for Plaintiff
    Arriane Henryhand
8

9                 UNITED STATES DISTRICT COURT

10               CENTRAL DISTRICT OF CALIFORNIA

11

12  ARRIANE HENRYHAND,                     Case No.:
    individually, and on behalf of other
13  members of the general public
    similarly situated,                    **DECLARATION OF ARRIANE**
14                                         **HENRYHAND IN SUPPORT OF**
                Plaintiff,                 **VENUE FOR CLASS ACTION**
15                                         **COMPLAINT PURSUANT TO**
            v.                             **CIVIL CODE SECTION 1780(d)**
16
    DOREL JUVENILE GROUP, INC.,
17  a Massachusetts corporation,
18              Defendant.
19
20
21
22
23
24
25
26
27
28

DECL. OF ARRIANE HENRYHAND IN SUPPORT OF PLAINTIFF'S SELECTION OF VENUE FOR TRIAL

# DECLARATION OF ARRIANE HENRYHAND

I, ARRIANE HENRYHAND, declare under penalty of perjury as follows:

1.     I make this declaration based upon my personal knowledge except as to those matters stated herein that are based upon information and belief, and as to those matters I believe them to be true.  I am over the age of eighteen, a citizen of the State of California, and a Plaintiff in this action.

2.     Pursuant to California Civil Code section 1780(d), this Declaration is submitted in support of Plaintiff's Selection of Venue for the Trial of Plaintiff's Cause of Action alleging violation of California's Consumers Legal Remedies Act.

3.     I reside in Northridge, California, which is in the County of Los Angeles.  I purchased the Cosco Car Seat that is the subject of this lawsuit in the County of Los Angeles.

4.     I am informed and believe that Defendant DOREL JUVENILE GROUP, INC. ("Defendant") is a Massachusetts corporation, organized and existing under the laws of the State of Massachusetts, and registered to conduct business in California.  On information and belief, Defendant conducts business in Los Angeles County.

//
//
//
//
//
//
//
//
//
//

DECL. OF ARRIANE HENRYHAND IN SUPPORT OF PLAINTIFF'S SELECTION OF VENUE FOR TRIAL

5.     Based on the facts set forth herein, this Court is a proper venue for the prosecution of Plaintiff's Cause of Action alleging violation of California's Consumers Legal Remedies Act because car seats that are the subject of this lawsuit are situated here, and a substantial portion of the events giving rise to my claims occurred here.

6.     I declare under penalty of perjury under the laws of California and the United States of America that the foregoing is true and correct.

Executed on January <u>5th</u>, 2017 in Northridge, California.



Arriane Henryhand

DECL. OF ARRIANE HENRYHAND IN SUPPORT OF PLAINTIFF'S SELECTION OF VENUE FOR TRIAL